IN THE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES STEEL CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GRANT ASSURANCE CORPORATION, ) <br> ALLIED WORLD ASSURANCE COMPANY, ) <br> LTD., AXIS INSURANCE, CONTINENTAL ) <br> CASUALTY INSURANCE COMPANY, ) <br> LEXINGTON INSURANCE COMPANY, ) <br> MONTPELIER REINSURANCE, LTD., MAX ) <br> BERMUDA, LTD., MUNICH REINSURANCE ) <br> AMERICA, INC., HANNOVER ) <br> RUCKVERSICHRUNG-AG, LIBERTY MUTUAL ) <br> INSURANCE COMPANY, MUNCHNER ) <br> RUCKVERSICHERUNGS GESELLSCHAFT, ) <br> TORUS SPECIALTY INSURANCE COMPANY, ) <br> XL INSURANCE (BERMUDA), LTD., HDI- ) <br> GERLING VERSICHERUNG AG, ACE ) <br> AMERICAN INSURANCE COMPANY, SCOR ) <br> GLOBAL P&C, NATIONAL UNION FIRE ) <br> INSURANCE COMPANY OF PITTSBURGH, ) <br> PENNSYLVANIA, CERTAIN UNDERWRITING ) <br> MEMBERS OF LLOYD'S LONDON ) <br> SUBSCRIBING TO REINSURANCE ) <br> AGREEMENT NO. DP742210, and CERTAIN ) <br> UNDERWRITING MEMBERS OF LLOYD'S ) <br> LONDON SUBSCRIBING TO REINSURANCE ) <br> AGREEMENT NO. DP742410, ) <br> ) <br> Defendants. ) | Case No. _____ <br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

## **NOTICE OF REMOVAL**

Defendant, Grant Assurance Corporation ("Grant"), the only defendant known to be served with process in this case at the time of filing, by its attorneys, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of removal of the case bearing the above caption and assigned case No. G.D. 15-003164 as filed in the Court of Common Pleas of Allegheny

1

County, Pennsylvania, Civil Division, to the United States District Court for the Western District of Pennsylvania.  A copy of the Writ of Summons and Complaint, together with exhibits, process and any orders, are attached hereto as Exhibit A.  In support of the Notice of Removal, Grant states as follows:

**Background**

1. On April 2, 2015, the plaintiff United States Steel Corporation ("USS") filed a Complaint in the instant case in the Court of Common Pleas of Allegheny County, Pennsylvania. Grant accepted service of USS' Complaint on April 9, 2015.

2. The Complaint alleges that Grant is USS's captive insurer (Exhibit A ¶ 1); that Grant issued an "All Risk Property" insurance policy ("the Policy") to USS (*id*. ¶¶ 1, 19); that USS made a claim under the Policy for a loss initially valued at $48 million but subsequently revised to $57.5 million (*id*. ¶¶ 27, 36); that the Policy provides for a per occurrence deductible of $25 million (*id*. ¶ 22); that Grant disputed USS's valuation of the alleged loss (*id*. ¶ 29); that USS then attempted to invoke the appraisal procedure under the Policy (*id*. ¶ 32); and that Grant subsequently raised certain coverage issues in response to the claim (*id*. ¶ 40).

3. The Complaint further alleges that the remaining defendants, which are collectively referred to as "Reinsurers," have financial obligations derivative of Grant's and bear the ultimate financial responsibility for any loss paid by Grant under the Policy.  (*Id*. ¶ 2.)  Based on such financial responsibility, the Complaint claims that the Reinsurers are interested parties whose joinder is necessary under the Pennsylvania Declaratory judgments Act.  (*Id*. ¶ 4.)

4. The Complaint seeks relief in two counts.  Count I is for declaratory relief brought against all the defendants.  That count asks for a declaration that Grant does not have a right to reject the appraisal procedure invoked by USS, that Grant waived the coverage issues it

identified, and that USS is entitled to a declaration that the coverage issues be resolved in its favor, all of which is disputed by Grant.  Count II is brought solely against Grant for alleged breach of contract.  That count seeks damages against Grant for amounts allegedly owed by Grant under the Policy, including pre- and post-judgment interest.

**Diversity Jurisdiction**

5.      This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because complete diversity exists between USS and Grant; the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as reflected by the Complaint; and, to the best of Grant's knowledge, no other defendant has yet been served.

6.      Specifically, the Complaint itself alleges that USS is a Delaware corporation with its principal place of business in Pennsylvania.  (Exhibit A ¶ 5.)

7.      The Complaint further alleges, although mistakenly, that Grant is a Vermont corporation with its principal place of business also in Pennsylvania.  (*Id*. ¶ 6.)  In fact, Grant is both incorporated and has its principal place of business in Vermont.  (Affidavit of Kimberly A. Whitcomb ¶¶ 2-11 attached hereto as Exhibit B.)  Grant conducts its day-to-day business operations and activities through its captive manager, Marsh Management Services Inc., which is located in Burlington, Vermont.  (*Id*.)  Grant's business is centered in Vermont because Vermont's captive insurance laws require Grant to maintain its principal place of business there. *See* 8 V.S.A. § 6002(b)(3) ("No captive insurance company shall do any insurance business in this State unless … it maintains its principal place of business in this State").  Indeed, Vermont is the only jurisdiction in which Grant is licensed to conduct business.  (*Id.* ¶ 3.)  Complete diversity therefore exists as between USS and Grant.  Complete diversity therefore exists as between USS and Grant both as of the commencement of the state court action and as of the

filing of this Notice.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (holding that a corporation's principal place of business is "the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings").

8. In addition, none of the Reinsurers have been served with process.  The citizenship of the non-served defendants is irrelevant with respect to Grant's right to remove.  *Boyer v. Wyeth Pharmaceuticals, Inc.*, No. 12-739, 2012 U.S. Dist. Lexis 58751 at *7 (E.D. Pa. 2012) ("The pre-service removal of this action by a non-forum defendant where the forum defendant had not been served prior to removal was proper under the unambiguous language of § 1441(b)"); *Moore's Federal Practice* § 107.30[3][d] (Matthew Bender 2015).  Consent of the Co-defendants to removal is only required where they have been "properly joined and served." 28 U.S.C. § 1446 (b)(2)(A).

## Fraudulent Joinder

9. Even if served, moreover, no basis exists for relief as to the Reinsurers, and they must be regarded as having been fraudulently joined for purposes of removal.  As this Court has stated in the context of a motion to remand following removal, "[j]oinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant. . . ." *Ozanne v. State Farm Mutual Auto Insurance Co.*, No. 2:11-cv-00327-TFM, 2011 U.S. Dist. LEXIS 48611, at *8 (W.D. Pa. 2011) (quoting case).  In *Hogan v. Raymond Corp.*, 777 F. Supp. 2d 906 (W.D. Pa. 2011), *aff'd in part and rev'd in part on other grounds*, 536 Fed. Appx. 207 (3d Cir. 2013), for example, this Court, applying the fraudulent joinder approach just quoted, denied a motion to remand following removal because the plaintiff sought to plead a cause of action against the non-diverse party not recognized by Pennsylvania courts.

*Id*. at 920.  On appeal, the Third Circuit agreed that "[t]he fraudulent joinder doctrine permits courts to ignore the citizenship of a non-diverse defendant for diversity purposes if the plaintiff's joinder of that defendant is 'fraudulent'" and thus "there is no reasonable basis in fact" for a claim against that defendant.  536 Fed. Appx. at 210.  Furthermore, the general rule that all defendants served with a Complaint must join or consent to the removal does not apply to fraudulently joined defendants.  *Helman-Jones v. Anheuser-Busch,* 2001 U.S. Dist. LEXIS 1828 at n.2 (E.D. Pa. 2001).

      10.    In the case at bar, relief against the Reinsurers is sought only in Count I of the Complaint.  The relief sought, however, is limited to a declaration with respect to Grant's alleged contract obligations under the Policy.  (Exhibit A p. 14, prayer for relief.)  The Reinsurers are not alleged to be parties to the Policy.

      11.    Because USS lacks privity of contract with the Reinsurers, it may not bring suit against the Reinsurers.  *Brand v. AXA Equitable Life Insurance Co.*, No. 08-2859, 2008 U.S. Dist. Lexis 69661, at *5 (E.D. Pa. 2008) (holding that an insured may not bring suit against "reinsurers and third party administrators, who are not in privity with the insured" and dismissing action against a reinsurer); *USX Corp. v. Adriatic Insurance Co.*, 64 F. Supp. 2d 469, 476 (W.D. Pa. 1998) ("It is well established in Pennsylvania that in general a policyholder has no direct cause of action against a reinsurer"): *Jarupa Valley Spectrum, LLC v. National indemnity Co.*, 555 F. 3d 87, 88 (2d Cir. 2009) (holding under New York law that a party lacking privity of contract with a reinsurer "cannot sue the reinsurer directly to obtain payment of the reinsured bond").

      12.    Furthermore, USS has not alleged that it is a third party beneficiary of the reinsurance contracts between Grant and Reinsurers, and cannot do so in good faith, because

third-party beneficiary status requires reliance on express contract language. *Premium Mortgage Corp. v. Equifax Information Services, LLC*, 583 F. 3d 103, 108 (2d Cir. 2009) (holding that a third party may not enforce a contract absent contract terms that clearly so provide); *see also, Brand*, 2008 U.S. Dist. Lexis 69661, at *5; *USX Corp.*, 64 F. Supp. 2d at 476.  But even if USS were to attempt to so allege, USS would become subject to all the terms and conditions of the reinsurance contracts, and even further grounds for dismissal would arise, such as the need to allege compliance with all conditions precedent set forth in those contracts (not so alleged), as well as the need to comply with their arbitration provisions.  *See Doeff v. Transatlantic Co.*, No. 07-2110, 2007 U.S. Dist. Lexis 91879, at *2-3, 12-13 (E.D. Pa. 2007) (stating that "[a] non-signatory to a contract cannot invoke the benefits of a contract and, at the same time, disavow portions that impose an obligation," and finding specifically that the contract's arbitration clause would bind the non-signatory).

13. Accordingly, no basis exists for the relief USS seeks directly against the Reinsurers, and the citizenship of the Reinsurers must be ignored for purposes of removal.  The fact that USS may not seek relief against the Reinsurers also disposes of any contention that the Reinsurers are "necessary" or "indispensable" parties to this litigation, as alleged by USS under Pennsylvania law.  (Exhibit A ¶¶ 4, 47.)  They are not.  Fed. R. Civ. P. 19, moreover, governs the joinder of parties in this Court.  Under that rule, this Court, in the absence of the Reinsurers, can accord complete relief under both Counts I and II by determining of the rights and obligations of USS and Grant under the Policy.

14. The absence of a colorable claim for declaratory relief against the Reinsurers additionally is demonstrated by the duplicative nature of Counts I and II of the Complaint.  Count I seeks a declaration of Grant's obligations under the Policy, and Count II seeks damages

against Grant based on an alleged breach of the Policy.  Since Count II necessarily requires that the court first determine what Grant's obligations are before enforcing those obligations with a damage award, the declaratory count is duplicative and must be dismissed.  *Nova Financial Holdings, Inc. v. Bancinsure, Inc.*, No. 11-07840, 2012 U.S.Dist. Lexis 53800, at *12 (E.D. Pa. 2012) (dismissing declaratory count as duplicative of breach of contract count); *Smithkline Beecham Corp. v. Continental Insurance Co.*, No. 04-2252, 2004 U.S. Dist. Lexis 15751, at *2 (E.D. Pa. 2004) (same).

15.     For all these reasons, this Court need not consider the citizenship of the Reinsurers, who are named defendants only in Count I of the Complaint, for purposes of evaluating the adequacy of this removal.

**Procedural Requirements**

16.     All procedural requirements for removal have been or will be complied with. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Grant are attached hereto as Exhibit A and filed herewith.  Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, a copy of this notice will be filed with the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division, and will be served on all counsel of record.

17.     This Notice of Removal has been filed within 30 days of the date that Grant was served with the Complaint in this matter.  Removal therefore is timely in accordance with 28 U.S.C. § 1446(b).

18.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Pennsylvania is the federal

judicial district embracing the Court of Common Pleas of Allegheny County, Pennsylvania, where the state court action was originally filed.

19.     By this Notice of Removal, Grant does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Grant intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

**WHEREFORE**, Grant prays that, upon filing of this Notice of Removal, this action be regarded as having been removed to, and pending in, the United States District Court for the Western District of Pennsylvania.

Dated:  April 28, 2015

Respectfully Submitted on behalf of:

GRANT ASSURANCE CORPORATION

BY:   ZIMMER KUNZ, P.L.L.C

By:_____*/s/ Jeffrey A. Ramaley, Esquire*_____
          Jeffrey A. Ramaley, Esq.
          Zimmer Kunz, P.L.L.C.
          The Grant Building
          310 Grant Street, Suite 300
          Pittsburgh, PA 15219
          Tel. (412) 281-8000
          Email: ramaley@zklaw.com

**JURY TRIAL DEMANDED**

5947919_1:2047-00003

IN THE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES STEEL CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| GRANT ASSURANCE CORPORATION, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL was served upon counsel of record this 28th day of April, 2015, by United States mail, first-class, postage prepaid, addressed as follows:

George L. Stewart, II, Esquire
Reed Smith, LLP
225 Fifth Avenue
Pittsburgh, PA 15222
(Attorney for Plaintiff)

Respectfully submitted,

ZIMMER KUNZ, PLLC

/s/ Jeffrey A. Ramaley, Esquire
JEFFREY A. RAMALEY, ESQUIRE
Pa. I.D. #41559
The Grant Building, Suite 3000
310 Grant Street
Pittsburgh, PA  15219
Telephone: 412-281-8000
Facsimile: 412-281-1765
Email: Ramaley@zlklaw.com
Attorney for Defendant,
GRANT ASSURANCE CORPORATION

9